**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-2255**

_____

MICHAEL MULGREW,

　　　　　　Plaintiff - Appellant,

　　　v.

PRINCE WILLIAM COUNTY SCHOOL BOARD,

　　　　　　Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:22-cv-01311-MSN-JFA)

_____

Submitted:  July 25, 2024　　　　　　　　　　　Decided:  July 29, 2024

_____

Before GREGORY, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Milton C. Johns, EXECUTIVE LAW PARTNERS, PLLC, Fairfax, Virginia, for Appellant.  L. Lee Byrd, Faith A. Alejandro, Joshua L. Rogers, Lindsay K. Bunting Eubanks, SANDS ANDERSON PC, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Mulgrew appeals the district court's order granting Prince William County School Board's ("PWCSB") motion to dismiss Mulgrew's amended complaint alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and breach of contract. Mulgrew, a Hispanic male and former Associate Superintendent for High Schools of Prince William County, Virginia, alleged that PWCSB initiated baseless investigations into his conduct, ultimately forcing him into early retirement, after he lodged an internal complaint asserting that a PWCSB member harassed him because of his ethnicity. He also alleged that PWCSB breached the terms of his employment contract by violating various school policies. On appeal, Mulgrew argues that the district court erred by finding that he failed to state a claim for relief and by not granting him leave to further amend his complaint. We affirm.

We review the district court's dismissal for failure to state a claim de novo, "taking as true all plausible, well pled allegations in the complaint." *Bhattacharya v. Murray*, 93 F.4th 675, 687 (4th Cir. 2024). To state a retaliation claim under Title VII, a plaintiff must establish "(i) that [he] engaged in a protected activity, (ii) that [his] employer took adverse action against [him], and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Noonan v. Consol. Shoe Co.*, 84 F.4th 566, 574 (4th Cir. 2023) (internal quotation marks omitted). To state a claim for breach of contract under Virginia law, a plaintiff must allege "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and

2

(3) injury or damage to the plaintiff caused by the breach of obligation." *Young-Allen v. Bank of Am., N.A.*, 839 S.E.2d 897, 901 (Va. 2020) (internal quotation marks omitted).

We conclude that the district court did not err by dismissing Mulgrew's complaint. Mulgrew failed to allege a causal connection between his internal complaint regarding the PWCSB member, which he filed in 2019, and the investigations PWCSB initiated in 2021 in response to complaints from parents and accusations from school staff. *See Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021) (noting that short lapse of time between protected activity and alleged adverse act "creat[es] a strong inference of retaliation," whereas "a years-long gap . . . tend[s] to prove the opposite"). Thus, he failed to state a claim for retaliation. As to Mulgrew's other claim, he did not allege that PWCSB breached a contractual obligation and thereby failed to state a claim for breach of contract. Although Mulgrew's employment contract incorporated by reference "[a]ll policies and regulations of the School Board" (J.A. 57),[*] the plain language of the contract obligated only Mulgrew, not PWCSB, to abide by the incorporated policies. *See RECP IV WG Land Inv'rs LLC v. Cap. One Bank (USA), N.A.*, 811 S.E.2d 817, 825 (Va. 2018) ("When the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning." (internal quotation marks omitted)).

Turning to Mulgrew's remaining claim on appeal, we review for abuse of discretion a district court's decision to dismiss a complaint with prejudice rather than granting leave to amend. *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Although

---

[*] "J.A." refers to the Joint Appendix filed by the parties in this appeal.

3

district courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), a court does not "abuse[] its discretion by declining to grant a motion [for leave to amend] that was never properly made," *Cozzarelli*, 549 F.3d at 631.  Here, after filing an amended complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1), Mulgrew never moved to file a second amended complaint.  Accordingly, the district court did not abuse its discretion by dismissing Mulgrew's complaint without granting leave to amend.

We therefore affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4